**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Zannie J. Lotharp, #35081-057, *a/k/a Zannie Jay Lotharp*,<br><br>        Petitioner,<br>v.<br><br>M. Joseph, Warden,<br><br>        Respondent. | Case No. 4:24-5396-RMG<br><br>**ORDER AND OPINION** |

    Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending summary dismissal of Petitioner's case. (Dkt. No. 7). Petitioner did not file objections to the R&R. For the reasons set forth below, the R&R is adopted as the Order of the Court and Petitioner's case is dismissed without prejudice, without leave to amend and without requiring Respondent to file a return.

    **I.**    **Background**

    Petitioner, proceeding pro se, is an inmate at Bennettsville Federal Correctional Institution seeking habeas relief under 28 U.S.C. § 2241. This action represents petitioner's fifth § 2241 petition and is nearly identical to that filed by Petitioner in Case No. 4:24-cv-4580-RMG, which this Court summarily dismissed on October 1, 2024. In both cases, Petitioner alleges that he is being held in custody in violation of the Fourth, Fifth and Sixth Amendments. (Dkt. No. 1 at 2). Petitioner does not explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction. (*Id.* at 6). Of note, Petitioner has filed three § 2255 motions, one of which remains pending before the sentencing court as of the date of this Order. (Dkt. No. 7 at 3) (citing Dkt. No. 145, Case No. 1:19-cr-448- TDS (M.D.N.C.)). Petitioner seeks an order from this Court for "final judgment of discharge." (*Id.* at 12).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

The Court's rationale for adopting the R&R as the Order of the Court and denying Petitioner's habeas petition in this case is the same as that expressed in the Court's October 1, 2024 Order in Case. No. 4:24-4580-RMG. 28 U.S.C § 2255(e) states that that "an application for a writ of habeas corpus on behalf of a prisoner . . . shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Because Petitioner is currently in the § 2255 process and awaiting a decision from the sentencing court in Case No. 1:19-cr-448- TDS (M.D.N.C.), Petitioner cannot proceed under § 2241 since Petitioner cannot satisfy the savings clause, § 2255(e). A petitioner may not use § 2255(e) to "circumvent" the "restrictions on second or successive § 2255 motions

by filing a § 2241 petition. *Jones v. Hendrix*, 599 U.S. 465 (2023). Further, Petitioner has failed to establish that his pending § 2255 motion is inadequate or ineffective to test the legality of his detention.

Finding no clear error, the Court **ADOPTS** the R&R as the Order of the Court. (Dkt. No. 7). Petitioner's case is **DISMISSED** without prejudice, without leave to amend and without requiring Respondent to file a return.

**AND IT IS SO ORDERED.**

                                              s/ Richard M. Gergel
                                              Richard Mark Gergel
                                              United States District Judge

October 31, 2024
Charleston, South Carolina